IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2002 Session

## WILLIAM HAMER, ET AL. v. ROBERT C. HARRIS, ET AL.

**Appeal from the Chancery Court for Cheatham County**
**No. 9810      Allen W. Wallace, Chancellor**

_____

**No. M2002-00220-COA-R3-CV - Filed November 6, 2002**

_____

Homeowners sued a builder for defective construction. The trial court awarded damages for breach and attorney's fees under the Tennessee Consumer Protection Act. We reverse the award of attorney's fees based upon no proof of deceptive, misleading or unfair conduct by the builder.

**Tenn. R. App. P. 3 Appeal as a Right; Judgment of the Chancery Court**
**Reversed and Remanded**

ELLEN HOBBS LYLE, Sp.J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Todd E. Panther, Nashville, Tennessee, for the appellant, Robert C. Harris.

Ashley N. Arnold, Nashville, Tennessee, for the appellees, William Hamer and June Hamer.

**OPINION**

This litigation arises out of defects in the construction of a new home. The plaintiff homeowners sued for breach of contract and warranty, fraud in the inducement and violation of the Tennessee Consumer Protection Act. The trial court dismissed the plaintiffs' claims for fraud and a willful violation of the Act but found that the home had not been built in a good and workmanlike manner and awarded $16,590.00 in actual damages. The trial court also found that the defendant's actions violated the Tennessee Consumer Protection Act and awarded attorney's fees of $15,813.00.

The defendant has appealed the award of attorneys fees. The sole issue is whether there was a violation of the Tennessee Consumer Protection Act.

Having concluded that the proof does not support a finding of violation of the Act, we reverse the trial court's award of attorneys fees.

The plaintiffs entered into a contract to build a new home in the Bluffs of the Harpeth subdivision.

After construction was completed and the plaintiffs moved into the home, they discovered leaks in the basement, that the home was not in compliance with codes, that there was a structural defect in the basement wall, and that the brick veneer was separating from the foundation. Although the defendant performed punch list work and some repairs on the leaking basement, he denied responsibility for the remaining problems. When the defendant did not respond to a March 5, 1998 letter detailing the problems, the plaintiffs hired a structural engineer and home maintenance company who performed waterproofing, installation of French drains, reinforcement of the basement walls, repair of the brick veneer and brought the home into compliance with codes. The plaintiffs then filed this lawsuit to recover their damages.

In concluding that the Tennessee Consumer Protection Act had been violated and that attorneys fees should be awarded, the trial court found that there were extensive defects in the plaintiffs' new home and that the defendant's actions were unfair and a violation of the Act because he had received notice of the defects within one year of the closing on the plaintiffs' home but had not adequately addressed those defects.

The Tennessee Consumer Protection Act was enacted to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state . . . ." TENN. CODE ANN. § 47-18-102(2) (2001). Section 47-18-104(b) specifically identifies "representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another," is a violation of the Act. Erroneous denial of a claim, however, unaccompanied by deceit or other misleading conduct, does not constitute deception or unfairness. *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920 (Tenn. 1998). There must be some deception, misrepresentation or unfairness in addition to a breach.

In the case at bar, we conclude that neither the findings of the trial judge nor a review of the proof reveals an unfair or deceptive practice. The defendant refused to perform repairs and warranty items because he determined that it was not his responsibility under the terms of his contract. He was adjudged erroneous in that determination, held by the trial judge to be in breach of his obligations and assessed damages for that breach. But like *Myint* the record reveals no evidence of deception or unfair action.

We therefore reverse the award of attorney's fees and remand this matter to the trial court. The costs of this appeal are taxed to the plaintiffs.

 

 

_____
ELLEN HOBBS LYLE, SPECIAL JUDGE